# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN BURKE | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CULLEN & TROIA, P.C., and KENMORE ASSOCIATES, L.P., | **Jury Trial Demanded** |
| Defendants | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Brian Burke ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of New York, and City of New York.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cullen & Troia, P.C. ("Cullen") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant, Kenmore Associates, L.P. ("Kenmore") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendant, Cullen & Troia, P.C. and Defendant, Kenmore Associates, L.P. ("Defendants"), are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

11. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. In connection with collection of an alleged debt in default, Cullen, or in the alternative, Kenmore, sent Plaintiff a two-page written communication dated February 3, 2012. The two pages of the communication were fastened together by a staple. *See* Notice, attached hereto as Exhibit "A".

*Complaint*
*Page 2 of 15*

13. Page one (1) of the February 3, 2012 written communication stated in relevant part(s), as follows:

### "FIVE DAY NOTICE TO TENANT
### RENT DEMAND

\* \* \* \* \*

PLEASE TAKE NOTICE that your are justly indebted to the undersigned Landlord in the total sum of $15,840.00 for rent and additional rent, if any, as set forth below, which you are required to pay on or before 2/27/2012 that being not less than five (5) days from the service of this notice upon you or you must surrender possession of the above referenced premises to the Landlord. If you fail to make complete payment of the rent or surrender possession of the premises within said time period, the Landlord will commence summary proceedings to recover possession of the above referenced premises.

\* \* \* \* \*

KENMORE ASSOCIATES, L.P."

14. Page two (2) of the February 3, 2012 written communication stated in relevant part as follows:

**"Cullen & Troia, P.C.**
*Attorneys at Law*
*2 Rector Street, Suite 903*
*New York, NY 10006*
*Phone: (212) 233-9772*

\* \* \* \* \*

This firm has been retained to collect a debt consisting of rent arrears totaling $15840.00
Any information obtained will be used for that purpose.

The below named creditor claims that you owe rent arrears as specified. You have 30 days from receipt of this notice to dispute the debt. If you fail to do so, we will assume the debt to be valid. If you timely notify us, in writing, that you dispute the debt, we will obtain verification of the debt and mail same to you. Upon your written request made within thirty (30) days of the receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

*Complaint*
*Page 3 of 15*

\* \* \* \* \*

Creditor: KENMORE ASSOCIATES, L.P."

15. The February 3, 2012 correspondence failed to notify Plaintiff that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector

16. The February 3, 2012 correspondence failed to notify Plaintiff that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

17. Page one (1) of the February 3, 2012 written communication contained the typed signature for "KENMORE & ASSOCIATES, L.P."

18. Page two (2) of the February 3, 2012 written communication had Cullen's letterhead, consisting of its name and address, at the top of the page.

19. By signing page one (1) of the February 3, 2012 written communication as "KENMORE & ASSOCIATES, L.P.," Cullen falsely used a business, company or organization name other than the true name of Cullen's business, company or organization, a representation that would lead the least sophisticated consumer to believe that both letters were from Kenmore, rather than from Cullen.

20. In the alternative, by using Cullen's letterhead on page two (2) of the February 3, 2012 correspondence, along with a statement that Cullen has been retained to collect the alleged debt on page, Kenmore designed, compiled, and furnished a form knowing that such form would be used to create the false belief in a consumer, Plaintiff,

that a person or entity other than Kenmore was participating in the collection of, or in an attempt to collect, an alleged debt, when in fact such person or entity was not so participating.

21. In the February 3, 2012 communication, Cullen overshadowed and/or contradicted the disclosures required by 15 U.S.C. § 1692g(a) by threatening to take immediate action against Plaintiff and disclaiming the validity of the disclosures in the same communication, when placing the required disclosures in the center of page two (2) of the letter, after stating that Plaintiff must surrender possession of the premises if he fails to make complete payment by 2/27/12 or summary proceedings will be commenced on page one (1) of the same communication.

22. Cullen's February 3, 2012 communication would further confuse the Least Sophisticated Consumer in that it suggests both that the communication is from the creditor, Kenmore, and from Cullen law firm, making it difficult for the Least Sophisticated Consumer to know to whom a dispute should be made, which is inconsistent with the disclosures required by 15 U.S.C. § 1692g(a).

23. Both pages of the February 3, 2012 written communication were sent by regular mail in a single envelope with the following return address:

> "945 YONKERS AVENUE
> YONKERS, NEW YORK 10704"
> *See* Envelope, attached hereto as Exhibit "B".

24. The above-mentioned return address does not belong to Cullen, but rather is the address for A & R Process Serving, Inc. ("A & R"), a New York Corporation that was dissolved as of January 27, 2010. *See* Corporation information, attached hereto as Exhibit "C".

25. By sending the February 3, 2012 communication with the Kenmore's signature on page one (1), Cullen's information on page two (2), and with a return address on the envelope belonging to a third party, A & R, the least sophisticated consumer would be further confused as to who exactly is demanding payment and to where such payment, or dispute of the alleged debt, should be sent.

26. Despite the fact that the written communication was dated "February 3, 2012," the envelope from said communication was post-marked on "FEB 22 2012."

27. Plaintiff received the regular mail envelope containing the February 3, 2012 communication on or about February 24, 2012.

28. The communication dated February 3, 2012, was additionally sent by certified mail bearing the same return address and post-mark date. *See* Certified mail envelope, attached hereto as Exhibit "D".

29. Plaintiff received the certified mail envelope with the February 3, 2012 written communication on March 8, 2012 at 6:05 P.M. *See* USPS delivery confirmation, attached hereto as Exhibit "E".

30. By sending the February 3, 2012 written communication on February 22, 2012, Cullen unfairly and/or unconscionably failed to allow Plaintiff the required five (5) day period in which to make payment on the alleged debt by the due date provided of "2/27/2012."

31. Defendants' actions constitute conduct highly offensive to a reasonable person.

# COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(3)
## DEFENDANT CULLEN

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. Cullen violated 15 U.S.C. § 1692g(a)(3) by failing to send Plaintiff written notices containing a statement that, unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, in its initial communication or within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cullen violated 15 U.S.C. § 1692g(a)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

# COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)
## DEFENDANT CULLEN

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Cullen violated 15 U.S.C. § 1692g(a)(4) by failing to send Plaintiff written notices containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cullen violated 15 U.S.C. § 1692g(a)(4);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT CULLEN

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. Cullen violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: misrepresenting that the February 3, 2012 written

communication was from Kenmore when it was not; alternatively, misrepresenting that the February 3, 2012 written communication was from Cullen when it was not; misrepresenting that Plaintiff had five (5) days to respond upon receipt of the written communication when Plaintiff did not; and misrepresenting that the February 3, 2012 written communication came from A & R.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cullen violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1692e(14)
### DEFENDANT CULLEN

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. Cullen violated 15 U.S.C. § 1692e(14) by falsely using a business, company or organization name other than the true name of Cullen's business, company or organization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cullen violated 15 U.S.C. § 1692e(14);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692j(a)
## DEFENDANT KENMORE

40. Plaintiff repeats and re-alleges each and every allegation contained above.

41. In the alternative, Kenmore violating 15 U.S.C. § 1692j(a) by designing, compiling, and furnishing a form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of Plaintiff is participating in the collection of, or in an attempt to, collect a debt Plaintiff allegedly owes such creditor, when in fact such person is not so participating.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Kenmore violated 15 U.S.C. § 1692j(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(b)
## DEFENDANT CULLEN

42. Plaintiff repeats and re-alleges each and every allegation contained above.

43. Cullen violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692g(a) during the thirty-day dispute period, including threatening to take immediate action against Plaintiff and disclaiming the validity of the disclosures in the same communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cullen violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT CULLEN

44. Plaintiff repeats and re-alleges each and every allegation contained above.

45. 15 U.S.C. § 1692f provides: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

46. The FDCPA defines neither the term "unconscionable," nor "unfair."

47. The FDCPA does, however, broadly enumerate several practices considered contrary to its stated purpose, forbidding such action both generally and in a specific list of disapproved practices.

48. Particular to "unfair or unconscionable means" the FDCPA lists eight specific violations "without limiting the general application" of the statute. 15. U.S.C. § 1692f.

49. As section 1692f of the FDCPA explicitly states, the listing of the eight specific violations was not intended to limit the applicability of the general prohibition of "unfair or unconscionable" behavior. *See McMillan v. Collection Professionals Inc.*, 455 F. 3d 754 (7th Cir. 2006).

50. 15 U.S.C. § 1692f "serves a backstop function, catching those "unfair practices" which somehow manage to slip by §§ 1692d & 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795 (S.D. Ohio 2001).

51. 15 U.S.C. § 1692f "allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Adams v. Law Offices of Stuckert & Yates*, 926

F.Supp. 521, 528 (E.D. Pa.1996), citing *Masuda v. Thomas Richards & Co.*, 759 F.Supp. 1456, 1461 n. 10 (C.D. Cal.1991).

52. Cullen is a "debt collector" as defined by § 5-76 of the Rules of the City of New York.

53. Cullen acted in violation of § 5-77(d)(12) of the Rules of the City of New York by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: misrepresenting that the February 3, 2012 written communication was from Kenmore when it was not; alternatively, misrepresenting that the February 3, 2012 written communication was from Cullen when it was not; misrepresenting that Plaintiff had five (5) days to respond upon receipt of the written communication when Plaintiff did not; and misrepresenting that the February 3, 2012 written communication came from A & R.

54. Cullen acted in violation of § 5-77(d)(13) of the Rules of the City of New York by falsely using a business, company or organization name other than the true name of Cullen's business, company or organization.

55. Cullen acted unfairly or unconscionably in violation of 15 U.S.C. § 1692f by trying to collect a debt from Plaintiff in violation of the Rules of the City of New York. See *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 471 (M.D.La. 1995) (stating that an unlicensed collector using language in the notice informing the debtor that the notice was "an attempt to collect a debt" violates Section 1692f); *Russey v. Rankin*, 911 F.Supp. 1449, 1459 (D.N.M. 1995) (holding that collection activity which violates state law violates the FDCPA); *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp. 1443, 1449-50 (D.Nev. 1994) (unlicensed collection activities violate Section 1692f); *Gaetano*

*v. Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414 n. 8 (D.Conn.1990) (holding a collector's unlicensed actions violated Section 1692f because the collector "deprived the plaintiff of her right as a consumer debtor residing within the state to have the Defendants' qualifications as a collection agency reviewed by state authorities.").

56. Cullen further violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff when sending the February 3, 2012 written communication on February 22, 2012, thus failing to allow Plaintiff the required five (5) day period in which to make payment on the alleged debt by the due date provided of "2/27/2012."

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cullen violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

# TRIAL BY JURY

57. Plaintiff is entitled to and hereby demands a trial by jury.

This 23rd day of May, 2012.

ATTORNEYS FOR PLAINTIFF
*Brian Burke*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

***Weisberg & Meyers, LLC***
80 Broad Street, 5th Floor
New York, NY 10004

***Please send correspondence to the address below***

Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

*Complaint*
Page 15 of 15