**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN BURKE ) | Case No. 1:12-cv-04280-GBD |
| ) | |
| Plaintiff, ) | |
| ) | **NOTICE OF PLAINTIFF'S** |
| vs. ) | **MOTION TO DISMISS KENMORE** |
| ) | **ASSOCIATES, L.P.'S** |
| CULLEN & TROIA, P.C. and ) | **COUNTERCLAIM AND** |
| KENMORE ASSOCIATES, L.P., ) | **MEMORANDUM IN SUPPORT** |
| ) | |
| Defendants ) | |

Pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff, Brian Burke ("Plaintiff"), hereby moves to

dismiss the legally insufficient and inadequately pleaded counterclaim asserted by Defendant,

Kenmore Associates, L.P. ("Defendant").  In support thereof, Plaintiff states as follows:

## I.      INTRODUCTION.

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, *et seq*. ("FDCPA").  Defendant asserts a breach of contract counterclaim to collect the

underlying alleged debt.  The Court does not have subject matter jurisdiction over this

counterclaim, as it arises under state law and bears no relation to Plaintiff's FDCPA claims. Even

if the Court has supplemental jurisdiction, the Court should decline to exercise it, because this

state law claim will substantially predominate over the federal claims and have a chilling effect

on potential FDCPA plaintiffs.

## II.      RELEVANT PROCEDURAL HISTORY.

Plaintiff filed his original complaint on May 30, 2012.  (Doc. 1).  Defendant filed its

answer on July 5, 2012.  (Doc. 6).  On July 25, 2012, 2012, Defendant filed an amended answer,

asserting a breach of contract counterclaim against Plaintiff.  (Doc. 10).

### III.    STATEMENT OF RELEVANT FACTS.

Plaintiff asserts claims under the FDCPA for Defendant's actions in attempting to collect an alleged debt.  (Doc. 1 ¶¶12-30). In its amended answer, Defendant asserts a breach of contract counterclaim to collect an alleged debt in the amount of $57,608.77.  (Doc. 10 ¶18).

### IV.    STANDARD.

#### A.    Federal Rule of Civil Procedure 12(b)(1).

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See* Fed. R. Civ. P. 12(b)(1). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the [counterclaim], but [is] not to draw inferences from the [counterclaim] favorable to [Defendant*]." J.S. ex. rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir.2004). Defendant has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

#### B.    Discretion of the Court.

The decision to grant a motion to dismiss counterclaims for which there is supplemental jurisdiction rests within the court's discretion.  *Burgess v. Omar*, 345 F. Supp. 2d 369, 371 (S.D.N.Y. 2004) ("As there is no independent basis of federal subject matter jurisdiction over the counterclaims, they must be dismissed unless they come within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) *and the Court opts to exercise that jurisdiction*.") (emphasis added); *Crawford v. Equifax Payment Services, Inc.*, No. 97 C 4240, 1998 WL 704050 at *2 (N.D. Ill. Sept. 30, 1998) ("that we may exercise supplemental jurisdiction does not end our inquiry. Section 1367(c) empowers district courts to decline to exercise jurisdiction over a claim…").

## V.   THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER DEFENDANT'S STATE LAW CLAIM.

The Court should dismiss Defendant's counterclaim for lack of subject matter jurisdiction.   Subject matter jurisdiction does not exist under 28 U.S.C. § 1332 because Defendant's counterclaim does not arise under a federal statute, the parties are not diverse, and the amount in controversy does not exceed $75,000.   Therefore, Defendant can only rely on supplemental jurisdiction to bring its claim.   *See* 28 U.S.C. §1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other *claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III*") (emphasis added).   However, Defendant's counterclaim is essentially a separate case, unrelated to Plaintiff's FDCPA claims.   Accordingly, the Court should dismiss Defendant's counterclaim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

### A.   Defendant's Counterclaim Is Not Compulsory And Therefore Cannot Be Heard Under 28 U.S.C. § 1367(a).

"Whether a counterclaim is compulsory or permissive turns on whether the counterclaim 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim,' and this Circuit has long considered this standard met when there is a 'logical relationship' between the counterclaim and the main claim." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (citation omitted); *see also* Fed. R. Civ. P. 13(a)-(b).

"The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).   The ultimate issue is whether the claims, because they are so

intertwined, ought to be heard together in the same suit. *Id.* Defendant's permissive breach of contract counterclaim bears no "logical relationship" to Plaintiff's FDCPA claim. Thus, Defendant's counterclaim cannot be heard under 18 U.S.C. § 1367(a).

"Every published decision directly addressing the issue in this case has found that FDCPA lawsuits and lawsuits arising from the underlying contractual debt are not compulsory counterclaims." *Hart v. Clayton-Parker and Associates, Inc.*, 869 F. Supp. 774, 777 (D.Ariz. 1994) (citing *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981); *Ayres v. National Credit Management Corp.*, 1991 WL 66845, at *4 (E.D.Pa. April 25, 1991); *Gutshall v. Bailey and Assocs.*, 1991 WL 166963, at *2 (N.D.Ill. February 11, 1991); *Leatherwood v. Universal Business Service Company*, 115 F.R.D. 48, 49 (W.D.N.Y. 1987)); *see also Egge v. Healthspan Servs. Co.*, 115 F. Supp. 2d 1126 (D. Minn. 2000) (recognizing that "[m]any courts note that no court has found that an FDCPA suit was a compulsory counterclaim to a debt collection action").

Here, Plaintiff brings his claims pursuant to the FDCPA. (See Doc. 1 ¶1). Defendant's counterclaim, however, asserts a breach of contract claim in an attempt to collect the underlying debt. (See Doc. 10 ¶¶14-21). "Although the defendant initiated contact with the plaintiff because of the existence of the underlying debt[], the validity of the underlying debt is not material to the FDCPA claim." *Fentner v. Tempest Recovery Services, Inc.*, 2008 WL 4147346, at *2 (W.D.N.Y. Sept. 2, 2008); *see e.g., Stover v. Northland Group, Inc.,* 2007 WL 1969724, at *1 (W.D.N.Y. 2007) ("In other words, the defendant may not escape liability under the statute by establishing that the debt it was seeking to collect was legitimate. Accordingly, the Court will not permit a mini trial regarding the plaintiff's actual liability on the debt that the defendant was attempting to collect."); *McCartney v. First City Bank,* 970 F.2d 45, 46 (5th Cir. 1992) (holding "

that an action under § 1692 is not contingent upon the validity of the underlying debt"). Thus, Defendant's counterclaim is not compulsory.

**B.      A Breach Of Contract Claim Is Not Compulsory Because It Is Not Logically Related To A Consumer Rights Claim.**

"All reported decisions on the issue have found that a defendant's counterclaims for payment of an overdue debt are distinct from, and not logically related to, a plaintiff's FDCPA claim based on improper debt collection practices." *Berrios v. Sprint Corp.*, 1998 WL 199842, at *9 (E.D.N.Y. March 16, 1998); *see also Hurtado v. TAM Fin. Corp.*, 2007 WL 1746884 at *2 (W.D. Tex. June 5, 2007) ("All courts to have considered the matter, however, have concluded that a debt counterclaim is distinct from and not logically related to a plaintiff's FDCPA claim based on improper debt collection practices."). *Id.* The only common thread between Plaintiff's FDCPA claims against Defendant and Defendant's counterclaim is that they stem from the same debt, but the validity of an underlying debt is irrelevant to an FDCPA claim. *Baker v. G.C. Services Corp*, 677 F.2d 775, 777 (9th Cir. 1982) ("The [FDCPA] is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."); *see supra* Part V.A.1. Furthermore, the factual or legal issues of each claim are completely different, and the evidence needed to settle one claim will not be used to settle the other. *Campos v. W. Dental Services, Inc.*, 404 F. Supp. 2d 1164, 1169 (N.D. Cal. 2005) ("Whether a plaintiff in an unfair debt collection practices action actually has outstanding debt is irrelevant to the merits of the FDCPA claim, and thus defendant Western's evidence of a valid contract is not relevant to plaintiff's claim.").

"[W]hile there may be some facts that are common to both the complaint and these counterclaims, the complaint and these counterclaims do not arise out of a common nucleus of operative fact. Put another way, while facts relevant to one claim might provide background with

respect to the other, more is required." *Burgess*, 345 F. Supp. 2d at 372; *see Weber v. Fujifilm Med. Sys. U.S.A., Inc.*, 2011 WL 781172 at *5 (D. Conn. Feb. 28, 2011) ("Since FMSU's counterclaims are permissive, and without an independent basis of jurisdiction, the Court may not exercise its ancillary jurisdiction over the counterclaims."). "None of the elements necessary to establish and prove the plaintiff's FDCPA claim are necessary, or even relevant to, the defendant's counterclaim." *Fentner*, 2008 WL 4147346, at *2. "Thus, while there appears to be a relationship between the two claims, consideration of the facts underlying the cause of action, of the law relevant to each and of the evidence needed to support the claims 'reveals that the relationship is more illusory than real.'" *Leatherwood,* 115 F.R.D. at 50 (citing *Gammons v. Domestic Loans of Winston-Salem, Inc.,* 423 F.Supp. 819, 821 (M.D.N.C.1976)). Accordingly, the Court should dismiss Defendant's Second Counterclaim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## VI.  EVEN IF THE COURT FINDS IT HAS SUPPLEMENTAL JURISDICTION, THE COURT SHOULD DECLINE TO EXERCISE ITS DISCRETION.

Notwithstanding the existence of supplemental jurisdiction over a counterclaim, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if…(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, . . . or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

### A.  Permitting Counterclaims For Underlying Debts Would Chill The Exercise Of Consumer Rights Under The FDCPA.

"To allow a debt collector defendant to seek to collect the debt in the federal action to enforce the FDCPA might well have a chilling effect on persons who otherwise might and should bring suits such as this." *Leatherwood*, 115 F.R.D. at 50; *see Campos*, 404 F. Supp. 2d at 1164 (declining to exercise its discretion to hear counterclaim because refusal to dismiss

collection counterclaim would chill consumers' right under the FDCPA); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (E.D. Cal. 2005) (refusing to exercise supplemental jurisdiction because of the chilling effect that it would have on consumers' rights to pursue remedy under the FDCPA; *Berrios v. Sprint Corp.*, 1998 WL 199842, at *4 (E.D.N.Y. Mar. 16, 1998) ("The Court agrees with the courts in *Sparrow* and *Campos* in finding that strong policy reasons exist to decline jurisdiction.").  "Given the remedial nature of the FDCPA 'and the broad public policy which it serves, federal courts should be loath to become immersed in the debt collection suits of . . . the target of the very legislation under which' a FDCPA plaintiff states a cause of action." *Id.* (quoting *Roberts v. Nat'l Sch. of Radio & Television Broadcasting*, 374 F.Supp. 1266, 1271 (N.D.Ga.1974)).

"[S]everal Courts have held that even if the Court were to conclude that the counterclaim is sufficiently related to the original claim that they form the same case or controversy for supplemental jurisdiction analysis, the Court should nevertheless decline to exercise supplemental jurisdiction as contrary to the remedial purposes of the FDCPA." *Fentner*, 2008 WL 4147346 at *3; *Sparrow,* 385 F.Supp.2d at 1070-71; (holding that jurisdiction should not be exercised because it would be contrary to the FDCPA's remedial policies); *Witt v. Experian Information Solutions, Inc.,* 2008 WL 2489132 (E.D.Cal. 2008) (same); *Avery v. First Resolution Management Corp.,* 2007 WL 1560653 (D.Or. 2007) (same).  Like here, the FDCPA defendant in *Sparrow* asserted a counterclaim to attempt to collect the alleged debt. *Sparrow,* 385 F.Supp.2d. at 1065.  In dismissing the counterclaim to collect the underlying debt, the court explained: "Even if supplemental jurisdiction exists over Defendant's counterclaims, a court may decline to exercise that jurisdiction where compelling reasons exist. In a case such as this one, strong policy reasons favor declining to exercise jurisdiction." *Id.* at 1071.

"[T]he debt collector may pursue the claim easily in state court," and, thus, "any chilling effect on the bringing of actions under FDCPA is avoided, while still enabling the debt collector to pursue his just remedies in state court." *Crawford*, 1998 WL 704050 at *7. Accordingly, the Court should dismiss Defendant's counterclaim.

### B.   Defendant's Counterclaim Substantially Predominates Over Plaintiff's Original Federal Claim.

Plaintiff alleges claims under the FDCPA relating to Defendant's efforts to collect an alleged debt.  (Doc. 1 ¶¶12-30). However, Defendant's counterclaim to collect the alleged underlying debt encompasses a private duty under state law and requires a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff, and monetary damages resulting from the breach. (Doc. 10 ¶¶14-21); *see Leatherwood*, 115 F.R.D. at 49-50; *Avery v. First Resolution Mgmt. Corp.*, 2007 WL 1560653 at *9 (D. Or. May 25, 2007) *aff'd*, 561 F.3d 998 (9th Cir. 2009) ("Plaintiff's liability under the Agreement is irrelevant to these issues. Allowing the Counterclaim here could lead to extensive litigation of individualized contract liability and damage issues that bear little relation to plaintiff's FDCPA claims."); *Moore v. Old Canal Fin. Corp.*, 2006 WL 851114 at *5 (D. Idaho Mar. 29, 2006) ("the state law involved in Defendant's counterclaim will predominate the case to the point that exercising jurisdiction over the counterclaim would be improper… what has given rise to our jurisdiction, is the Plaintiff's claims based upon Federal law regarding the alleged impropriety in Defendant's actions in collecting upon the debt").

Adjudication of Defendant's counterclaim may very well require considerably more time consuming than the adjudication of Plaintiff's straightforward claims for violations of the FDCPA.  As such, Defendant's counterclaims may substantially predominate over Plaintiff's for

which this Court maintains original jurisdiction. The same would inevitably divert time from litigants in other cases patiently waiting in the queue for the limited time of federal judges.

      WHEREFORE, Plaintiff's respectfully requests the Court dismiss Defendant's counterclaim.

      This 14th day of August, 2012.

                    ATTORNEYS FOR PLAINTIFF
                    *Brian Burke*

                    Respectfully submitted,


                    /s Dennis R. Kurz
                    Dennis R. Kurz
                    NY Bar No. 4570453
                    ***Weisberg & Meyers, LLC***
                    Attorneys for Plaintiff
                    80 Broad Street, 5th Floor
                    New York, NY 10004
                    (888) 595-9111 ext. 412
                    (866) 842-3303 (fax)
                    dkurz@attorneysforconsumers.com

                  ***Please send correspondence to the address below***

                    Dennis R. Kurz
                    NY Bar No. 4570453
                    ***Weisberg & Meyers, LLC***
                    Attorneys for Plaintiff
                    5025 N. Central Ave. #602
                    Phoenix, AZ 85012

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 14, 2012, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Wayne L. Desimone
45 West 34th Street, Suite 900
New York, New York 10001
WLDesimone@aol.com
Attorney for Defendant Kenmore

Christopher B. Weldon
Robert J. Grande
Cullen & Troia, P.C.
925 Westchester Avenue, Suite 400
White Plains, New York 10604
rgrande@kwcllp.com

Respectfully submitted,

<u>s/Dennis R. Kurz</u>
Dennis R. Kurz