UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN BURKE,

                Plaintiff,

  -against-

CULLEN & TROIA, P.C. and
KENMORE ASSOCIATES, L.P.,

                Defendants.

Case No. 1:12-cv-04280-CBD

OPPOSITION TO MOTION
TO DISMISS COUNTERCLAIM

ORAL ARGUMENT REQUESTED

---

## FACTS

In the instant action plaintiff seeks damages under the Fair Debt Collection Practices Act 15 U.S.C. 1692 (hereinafter "FDCPA"). Defendant KENMORE ASSOCIATES, L.P. (hereinafter "KENMORE") has filed a counterclaim for rent due in the amount of $57,608.77. The alleged violation of FDCPA concerns a demand for rent prepared by co-defendant CULLEN & TROIA, P.C. (hereinafter "CULLEN"), a law firm retained by Kenmore to collect the aforementioned rent.

On the instant motion plaintiff seeks to dismiss defendant's counterclaim pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff asserts that this Court does not have subject matter jurisdiction over defendant Kenmore's state law claim.

## THE COURT HAS SUPPLEMENTAL JURISDICTION OF DEFENDANT KENMORE'S COUNTERCLAIM

As set forth above, Plaintiff's FDCPA claim concerns an alleged improper demand for rent prepared by defendant Cullen. Defendant Kenmore, in its counterclaim, seeks recovery of the rent due from plaintiff which was the subject of the rent demand. 28 U.S.C. 1367(a) provides in pertinent part:

1

>in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The District Court has the power to exercise supplemental jurisdiction over state claims if they derive from "a nucleus of operative fact" common to the jurisdiction conferring claim and if they "are such that [the claimant] would ordinarily be expected to try them all in one judicial proceeding...... . *Semi-Tech Litigation LLC v. Bankers Trust Company*, 234 F. Supp. 2d 297 (S.D.N.Y. 2002) (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 725-26, 86 S. Ct. 1130, 16 L. Ed.3d 218 (1966). The issue under 28 U.S.C. Section 1367(a) turns on whether the claims involved are so related that they should be tried together. The exercise of such discretion is a matter of balancing four factors: judicial economy, convenience, fairness and comity. *Fei Hang Chen, et al. v. Jing Fong Restaurant, Inc., et al.*, 582 F. Supp.2d 602 (S.D.N.Y. 2008); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 and 350, 108 S. St. 614, 98 L. Ed. 2d 720 (1988). The Court in *Fei Hang Chen*, supra, retained jurisdiction over state claims even though the federal claims had been dismissed. The Court in *Fei Hang Chen* in retaining supplemental jurisdiction stated in pertinent part:

>[3] Here, both lawsuits raise issues similar or collateral to those previously before the Court in two earlier, related cases *Lu, et al. v. Cheung, et al.* 06 Civ. 2657(JSR) and *Chen, et al. v. Jing Fong Restaurant, Inc.* 07 Civ.3908 (JSR). Moreover, both the legal and factual issues raised in the state claims in *Wang Ke Shu* and in the above-captioned federal case, *Fei Hang Chen*, are substantially identical (which is why the Court consolidated the two cases). Thus, there is very substantial judicial economy in maintaining

> supplemental jurisdiction over *Wang Ke Shu*. Since
> much of the discovery would be related in both cases,
> and since the Court has already placed both cases on a
> "fast track," convenience and economy will also be
> served, more than outweighing the alleged costs to
> plaintiff's counsel in *Wang Ke Shu*, of having to attend
> a few depositions that might not relate to his case. This,
> indeed, is the primary "unfairness" of which counsel for
> plaintiffs in *Wong Ke Shu* complains; yet, as a practical
> matter, he would not need to attend those depositions
> unless they, in fact, related to his case. As for comity,
> there are no remaining state law issues in this case that
> are so novel or unique that deference to state courts is
> appropriate; and, in any event, the Court, which must retain
> jurisdiction over *Fei Hang Chen*, would have to reach those
> issues anyway, probably well before any state court could
> get that far.

The identical arguments for retaining supplemental jurisdiction in the instant action are present. As in *Fei Hang Chen*, in the instant action, the discovery would be identical and there are no state law issues that were so novel or unique that deference to state courts is appropriate. There is absolutely no reason for this Court to allow plaintiff to continue his claim while forcing defendant Kenmore to litigate his claim in State Court.

It has long been held that convenience and fairness to parties and consideration of judicial economy are valid concerns in determining whether supplemental jurisdiction is appropriate. See, *Phoenix Renovation Corp. v. Rodriquez, et al.*, 403 F. Supp. 2d 510 (E.D. Va. 2005); *Shanoghan v. Cahill*, 58 F. 3d 106, 110 (4th Cir. 1995). In the instant action the respective claims arise from the same set of facts. It is respectfully submitted that plaintiff's claim and defendant Kenmore's counterclaim arise from a common nucleus of operative fact. It is further submitted that judicial economy and fairness are better served by this Court retaining jurisdiction over defendant Kenmore's counterclaim.

Courts have exercised supplemental jurisdiction even in cases where the counterclaim is permissive rather than compulsory. In *Jones v. Ford Motor Credit Company*, 358 F. 3d 205 (2nd Cir. 2004) the Court, at page 214 thereof stated in pertinent part:

> Satisfying the constitutional "case" standard of Subsection 1367(a), however, does not end the inquiry a district court is obliged to make with respect to permissive counterclaims. A trial court must consider whether any of the four grounds set out in subsection 1367(c) are present to an extent that would warrant the exercise of discretion to decline assertion of supplemental jurisdiction. Subsection 1367(c) provides:
> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court, has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
>
> We have indicated that, where at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *Gibbs*, 383 U.S at 726, 86 S.Ct. 1130: economy, convenience, fairness, and comity. See *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 445-47 (2d Cir.1998).

In Jones, the Court found that the finance company's counterclaims seeking amounts allegedly due on borrowers' vehicle finance loans satisfied "common nucleus of facts" standard for supplemental jurisdiction in borrowers' class action alleging race discrimination claim under Equal Credit Opportunity Act even though the relationship between the claim and counterclaims was insufficient to make counterclaims compulsory.

4

Convenience and fairness to parties and considerations of judicial economy are valid concerns in determining whether supplemental jurisdiction is appropriate. See, *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Certainly in the instant action defendant Kenmore should not be compelled to litigate in state Court when its claim can easily be addressed in the instant action. Clearly plaintiff can show no prejudice by resolving all issues in one forum.

Plaintiff in its motion argues that defendant's counterclaim may substantially predominate over plaintiff's "straightforward claims for violations of the FDCPA". It is respectfully submitted that Kenmore's claim for rent due and owing is a claim which will not require substantial, if any, additional discovery and is a "straight forward" claim. The goal of judicial economy would be better served resolving the counterclaim in this forum, rather than compelling plaintiff and defendant Kenmore to litigate in two (2) separate forums.

WHEREFORE, defendant Kenmore respectfully requests that the instant motion be denied in its entirety and that this Honorable Court retain jurisdiction over Kenmore's counterclaim.

Dated: New York, New York
August 21, 2012

WAYNE L. DESIMONE (WLD 0243)
Attorney for Defendant Kenmore
2 Rector Street, Suite 903
New York, New York 10006
(212) 867-6233