**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| BRIAN BURKE | ) | Case No. 1:12-cv-04280-GBD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPLY IN SUPPORT OF** |
| vs. | ) | **PLAINTIFF'S MOTION TO** |
| | ) | **DISMISS KENMORE** |
| CULLEN & TROIA, P.C. and | ) | **ASSOCIATES, L.P.'S** |
| KENMORE ASSOCIATES, L.P., | ) | **COUNTERCLAIM** |
| | ) | |
| Defendants | ) | |

Plaintiff, Brian Burke ("Plaintiff"), hereby submits his reply in support of his motion to dismiss the legally insufficient and inadequately pleaded counterclaim asserted by Defendant, Kenmore Associates, L.P. ("Defendant").  In support thereof, Plaintiff states as follows:

**I.      DEFENDANT'S COUNTERCLAIM DOES NOT ARISE FROM THE SAME NUCLEUS OF OPERATIVE FACT AS PLAINTIFF'S FDCPA CLAIMS.**

Defendant argues that the parties' claims "arise from the same set of facts."  (Doc. 16 at 3).  This is simply false.  Plaintiff relies on only one primary fact in order to make his FDCPA claim: Defendant sent him a letter that, on its face, violates the FDCPA. (See Doc. 1). In order to support its counterclaim, Defendant must demonstrate "a broad proof of facts establishing the existence and performance of a contract, the validity of the contract's provisions, a breach of the contract by the plaintiff and monetary damages resulting from the breach."  *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48, 49 (W.D.N.Y. 1987).  Yet, Defendant states, incredibly, that adjudicating its counterclaim for $57,608.77 in rental payments, allegedly accrued over a period of several years, would "not require substantial, if any, additional discovery."  (Doc. 16 at 5).  *See, e.g., In re Project Orange Associates, LLC*, 432 B.R. 89, 112 (Bankr. S.D.N.Y. 2010) ("Like the courts in *Bell, Erie* and *In re Odd's–N'End's, Inc.*, this Court will not permit the

relitigation of state court issues before it, nor will it pass on issues that only implicate state law and are better resolved in a state court."). Contrary to Defendant's position, the parties' claims do not arise from the same nucleus of operative facts and Defendant's counterclaim will only complicate this simple FDCPA matter.   Accordingly, Defendant's counterclaim must be dismissed.

## II.   DEFENDANT CITES *JONES* FOR THE PROPOSITION THAT THE COMPULSORY COUNTERCLAIM TEST IS NO LONGER DISPOSITIVE OF THE ISSUE OF SUPPLEMENTAL JURISDICTION.

Defendant cites *Jones v. Ford Motor Company*, 358 F.3d 205 (2nd Cir. 2004), for the proposition that, with the passage 28 U.S.C. § 1367, Congress expanded supplemental jurisdiction to include state law-based, permissive counterclaims.   That opinion ignores the Supreme Court's interpretation of the statute.   *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) ("Congress has *codified* those principles in the supplemental jurisdiction statute, which combines the doctrines of pendent and ancillary jurisdiction under a common heading").   Recently, many courts have called the *Jones* opinion into question:

> [Defendant] argues that the Court should nonetheless exercise supplemental jurisdiction over the claims pursuant to the Second Circuit's observation in *Jones,* 358 F.3d at 212–13, that after passage of 28 U.S.C. § 1367, "it is no longer sufficient for courts to assert ... that permissive counterclaims require independent jurisdiction," but instead permissive counterclaims need only satisfy the broad Article III "case" standard, which had been extended by § 1367 to confer supplemental jurisdiction on all claims with a "loose factual connection." The continuing vitality of this portion of *Jones* is, however, somewhat dubious, considering that later in the same year, the Second Circuit, without mentioning *Jones,* abandoned this "loose factual connection" standard and applied the traditional "common nucleus of operative fact" standard in analyzing supplemental jurisdiction over a state law claim. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 308 (2d Cir.2004).[1] The Second Circuit has not since revisited or relied on *Jones* in discussing supplemental jurisdiction.

*Weber v. Fujifilm Med. Sys. U.S.A., Inc.*, No. 3:10CV401 JBA, 2011 WL 781172 at *5; *See also Burgess v. Omar*, 345 F. Supp. 2d 369, 372 (S.D.N.Y. 2004) ("The *dictum* in *Jones* does not

warrant a different conclusion, particularly in light of *Briarpatch* . . . .  In any case, this Court is bound by the Supreme Court's decision in *City of Chicago*.").

## III.   ADJUDICATING DEFENDANT'S COUNTERCLAIM IN FEDERAL COURT WILL NOT SERVE JUDICIAL ECONOMY.

Defendant argues that, in "consideration of judicial economy," this Court should exercise supplemental jurisdiction over an involved landlord-tenant claim spanning several years. Allowing Defendant "to utilize the proceedings merely as a forum to state grievances against a debtor plaintiff would be an incongruous result and clearly prejudicial to the plaintiff's claim. Moreover, it would involve the court in questions of absolutely no federal significance." *Zeltzer v. Carte Blanche Corp.*, 414 F. Supp. 1221, 1225 (W.D. Pa. 1976) (citing *Mourning v. Family Publications Service*, 411 U.S. 356 (1973)).  "It is not clear that the interests of judicial economy and efficiency would be served *in the least* by requiring that the two claims be heard together." *Maddox v. Kentucky Fin. Co., Inc.*, 736 F.2d 380, 383 (6th Cir. 1984).  Rather, judicial economy dictates that this Court dismiss Defendant's counterclaim.

WHEREFORE, Plaintiff's respectfully requests the Court dismiss Defendant's counterclaim.

This 29th day of August, 2012.

ATTORNEYS FOR PLAINTIFF
*Brian Burke*

Respectfully submitted,


/s Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
***Of Counsel***
***Weisberg & Meyers, LLC***
Attorneys for Plaintiff

80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

**_Please send correspondence to the address below_**

Dennis R. Kurz
NY Bar No. 4570453
**_Of Counsel_**
**_Weisberg & Meyers, LLC_**
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2012, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Wayne L. Desimone
45 West 34th Street, Suite 900
New York, New York 10001
WLDesimone@aol.com
Attorney for Defendant Kenmore

Christopher B. Weldon
Robert J. Grande
Cullen & Troia, P.C.
925 Westchester Avenue, Suite 400
White Plains, New York 10604
rgrande@kwcllp.com

Respectfully submitted,

s/Dennis R. Kurz
Dennis R. Kurz