**KEIDEL, WELDON & CUNNINGHAM, LLP**
ATTORNEYS AT LAW
925 Westchester Avenue, Suite 400
White Plains, New York 10604

Telephone: (914) 948-7000
Telefax: (914) 948-7010 (Not for Service)
http://www.kwcllp.com

August 24, 2012

**SO ORDERED:**

*George B. Daniel*

George B. Daniels, U.S.D.J.

Dated: SEP 19 2012

*Via Facsimile: 212-805-6737*
The Honorable George B. Daniels
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Brian Burke v. Cullen & Troia, P.C. and Kenmore Associates, L.P.*
    Case No. 12 CIV 4280
    Our File:    10895

Dear Judge Daniels:

We represent Defendant Cullen & Troia, P.C. in the above matter. Plaintiff's claims arise out of claimed violations of the Fair Debt Collection Practices Act. This letter is sent to you pursuant to your instructions at the first pretrial conference on August 9, 2012. During the conference, the Court advised that the parties should engage in discussions related to possible resolution and send a letter by today's date if we needed the Court's assistance with a possible mediation or discovery issues. At this point, it appears that we will require assistance in both areas. Currently, based upon the Court's order on August 9, 2012, all defendants' responses and/or objections to plaintiff's demands, including the notice to admit, interrogatories and requests for production of document, are due to be served by September 21, 2012.

Since the conference, the undersigned has spoken to counsel for co-defendant Kenmore Associates, L.P. ("Kenmore") on multiple occasions related to resolution of this matter. While both defendants contest the plaintiff's claims and deny any possible wrongdoing, it appears from the representations of Kenmore's counsel that both Kenmore and Cullen & Troia, P.C. are interested in a potential prompt amicable resolution. However, due to the existence of Kenmore's significant counterclaims against plaintiff for in excess of $50,000, it was agreed that Kenmore's counsel would initiate the discussions with plaintiff. Unfortunately, Kenmore's counsel has advised me that he has attempted to reach plaintiff's counsel on a number of occasions since the conference on August 9, 2012, but has been unsuccessful in reaching him.

While plaintiff made a settlement demand and it appears that all parties have some interest in settlement negotiations, the parties are not communicating effectively in order to achieve this. As such, we request that the Court schedule a mediation for the parties. Kenmore's counsel, Wayne

WHITE PLAINS, NY  •  NEW YORK, NY  •  SYRACUSE, NY  •  WILTON, CT  •  WARWICK, RI
                     BAYONNE, NJ     •   PHILADELPHIA, PA

Burke v. Cullen & Troia, P.C.
August 24, 2012
Page 2

Desimone, Esq., confirmed that his client joins in this request.

From a practical standpoint, we understand that plaintiff's counsel is located in Arizona. Therefore, we would not insist on his personal attendance at a mediation, except to the extent that plaintiff's counsel and his client be available by phone. By the same token, we would request the Court permit representatives of the defendants (i.e., insurance claim personnel and clients) to be allowed to participate in the mediation by telephone as well. By having a third party mediate the dispute, we believe that there is a greater chance that the parties will be able to communicate effectively and resolve their disputes.

Finally, in order to avoid the expenditure of unnecessary time and money on responding to discovery, we would respectfully request that the Court enter a stay of all discovery until 17 days after the completion of the mediation (and allow for relevant extensions of the Court's scheduling order). A copy of the scheduling order is attached. The plaintiff has already served lengthy demands that will require significant time and resources to properly address. Rather than investing time and energy on addressing these, and drafting and serving our own demands, we believe that a stay of discovery will best serve the interests of the parties. If a mediation is unsuccessful, the parties would then be able to address discovery issues without prejudice to their good faith efforts to resolve the matter.

Thank you for your attention to this matter. I look forward to hearing from you soon.

Very truly yours,

Robert J. Grande, Esq.

RJG
cc:   Dennis R. Kurz, Esq. (Via facsimile 866-842-3303)
      Wayne L. Desimone, Esq. (Via Facsimile 516-708-9522)

WHITE PLAINS, NY  •  NEW YORK, NY  •  SYRACUSE, NY  •  WILTON, CT  •  WARWICK, RI
                      BAYONNE, NJ  •  PHILADELPHIA, PA